Exhibit 10

**Saturday, June 27, 2020 at 13:45:12 Central Daylight Time**

**Subject:** Re: Execution notice for Wesley Purkey

**Date:** Monday, June 22, 2020 at 8:29:14 AM Central Daylight Time

**From:** Katherine Siereveld

**To:** Rebecca Woodman

**CC:** Michelle Law, Brian Fleming, Chas McAleer, Brian Casey

Good morning,

I do not have any information with regard to the scheduling of Mr. Purkey's execution, nor the selection of the date.  However, I am happy to continue to try to facilitate visitation for you, other members of your legal team, and any necessary experts. As you are aware, the BOP website makes it clear that case-by-case exceptions for in-person legal visits are permitted, so long as the visiting attorney undergoes the same screening procedures as the staff.  SCU staff have advised that you did not request an exception when your standing legal visit was canceled.  Ms. Law currently has a visit scheduled for July 10, but that is the only request we have from your team, to date.  The visiting information can be found here: https://www.bop.gov/coronavirus/covid19_status.jsp.

Additionally, Terre Haute specific information regarding the virus can be found here: https://www.bop.gov/coronavirus/.  This includes testing numbers.

The regular SCU contact visiting room is ready to receive visits.  Plexiglass has been installed in one of the contact booths, while still leaving a pass-through space for the exchange of paperwork, if necessary.  Please do not hesitate to contact a member of the SCU unit team to schedule your visits.  As we have discussed before, non-contact social visiting has also resumed in the SCU for those inmates with scheduled execution dates.

Thanks,
Katherine


Katherine N. Siereveld
Senior Attorney
FCC Terre Haute
4200 Bureau Road North
Terre Haute, Indiana 47802
(812) 238-3476


>>> Rebecca Woodman <rewlaw@outlook.com> 6/20/2020 12:55 PM >>>
Dear Katherine:

Thank you for your email regarding the issue of access to and visits with Mr. Purkey.  We have several initial reactions.

First and foremost, we believe the decision to schedule Mr. Purkey's execution in the middle of a global pandemic, at a time when many states are experiencing severe outbreaks of the COVID-19 virus and prisons in particular are veritable breeding grounds for the COVID-19 virus, is really outrageous and unreasonable.  The decision seems designed to deny Mr. Purkey the basic rights to which he is entitled under the circumstances. The fact that the decision to do so was made notwithstanding the pendency of litigation over Mr. Purkey's constitutional rights is particularly disturbing.

Second, the relatively short notice given for his execution, i.e., 30 days, is patently unreasonable given all of the visitations, examinations and tests that would need to be completed for purposes of the pending litigation and/or in advance of an execution even were there no pandemic.  The logistical and scheduling complications caused by the coronavirus pandemic make the decision to proceed with the execution on this accelerated timeline unconscionable.

Third, making the decision to execute Mr. Purkey and providing such short notice before the Bureau of Prisons had developed a comprehensive, written plan, policy or procedure to ensure timely and safe visits during the pandemic and thus protect inmates, staff and visitors alike is utterly reckless. Semantics aside, you repeatedly promised this week to provide us a "writing" that would set forth in detail the precise safety protocol to protect counsel, our experts, spiritual advisors, family members, and any other person for whom access to Mr. Purkey will be crucial in the next few weeks leading up to and including the execution. You still have not done so. Sequential comments in emails (such as your reference today to the possible installation of a sheet or sheets of plexiglass in one room of the prison 10 days into the 30-day execution notice period) does not come close to meeting the Bureau's legal, ethical and moral obligations to provide for the safety of inmates, staff and visitors, assuming any safety procedures would be sufficient to do so during this pandemic. Moreover, your email comments do not even begin to address all logistical and physical aspects implicated by a visitation to an inmate. Indeed the absence of such a plan, policy or procedure also would seem to render impossible attendance at the execution of all required persons**.**

Fourth, your repeated encouragement this week that we can and should schedule visits seems more like a disingenuous suggestion that visitations are possible, safe and feasible at this time, particularly since your own website adamantly states that "All visiting at this facility has been suspended until further notice." The last time you made us such assurances, your staff informed us otherwise, cancelling and/or refusing to schedule visits. Are all inmates capable of receiving visitations at this time, or is the decision to allow visits to Mr. Purkey simply a special "accommodation" to him individually to facilitate your desire to execute him on July 15?

Fifth, your statements regarding the availability of visits to Mr. Purkey is further meaningless given the Bureau's continued failure and refusal to provide us the records and information we have been requesting for months (through FOIA and otherwise) – records that would need to be received and reviewed in advance of visits with and examinations of Mr. Purkey if those visits and examinations are to be meaningful and sufficient in any respect. By continuing to withhold the requested information from us, you are deliberately ensuring that any visits with and examinations of Mr. Purkey will be impaired and inadequate.

Given the foregoing, your statements regarding the availability of visits with Mr. Purkey are simply not genuine, in good faith, reasonable, practicable, feasible or safe. But even were it otherwise, we cannot begin to make evaluations about whether counsel and experts can safely visit Mr. Purkey without substantial additional information wholly apart from the safety plan, policy or protocol. For example, we would immediately need information about the scope of the outbreak at the Terre Haute facility, including information about all testing conducted at Terre Haute within the last 30 days, including the number of individuals who requested tests, the numbers tested, and the results of those tests. In addition, we need information about where the visitations will occur, the size of the plexiglass, the ventilation in that room, and any other protections the prison plans to offer. These are just two examples of much more information we would need to make informed decisions about whether counsel and experts can safely visit Mr. Purkey, such as the availability of personal protective equipment (beyond a mask) to staff, Mr. Purkey, and visitors from our team; safety precautions taken within the pathways of travel to legal visits with Mr. Purkey generally and on the day of execution; sanitation and cleaning protocols between visits and between visitors; steps taken to ensure adequate ventilation within the prison; and much more.

Given the urgency of this matter and Mr. Purkey's upcoming execution, we request that you respond to this email (including with the information requested above) before Monday, June 22, 2020, at noon.

Sincerely,
Rebecca

Rebecca E. Woodman
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
(785) 979-3672
rewlaw@outlook.com

---

**From:** Rebecca Woodman <rewlaw@outlook.com>
**Date:** Friday, June 19, 2020 at 10:04 AM
**To:** Katherine Siereveld <ksiereveld@bop.gov>
**Cc:** Michelle Law <Michelle_Law@fd.org>, "McAleer, Chas" <CMcAleer@milchev.com>, "Fleming, Brian" <bfleming@milchev.com>, "Casey, Brian (USAMOW)" <Brian.Casey@usdoj.gov>
**Subject:** Re: Execution notice for Wesley Purkey

Dear Katherine:

I wanted to follow up on our telephone conversation and emails of Tuesday, June 16, 2020. Specifically, you indicated both in your emails and on the phone that written policies to ensure full access to our client, Wes Purkey, who is scheduled to be executed on July 15, 2020, for legal, social, and spiritual visitation while also protecting the safety of our team members, Mr. Purkey, and staff from COVID-19, were being developed and would be issued forthwith. In our telephone conversation on Tuesday, you stated that I would have those written policies within the next hour or two. In an email later in the day on Tuesday, you stated that I would have the written policies the following day. However, I have yet to receive any written policy.

The safety measures that you mentioned in our telephone conversation on Tuesday – temperature checks, questions about symptoms, a mask (either one's own or provided by the facility), and a preference for non-contact visits – are the same measures that were instituted at USP Terre Haute back in March 2020 when the impact of the COVID-19 pandemic was beginning to be felt in the United States. These measures were also instituted just before we were first notified on March 13, 2020 that all of our visits were cancelled until further notice and the prison went into full lockdown, and thus are obviously insufficient to ensure our safety and protection from COVID-19. The homepage of USP Terre Haute's website still prominently displays a banner stating that "All visiting at this facility has been suspended until further notice." BOP reports there has been one death from COVID-19 and five positive tests at USP Terre Haute, but I am aware of no regular testing regime of either prisoners or staff at the facility, and the known COVID-19 transmission rates in closed spaces like a prison is extreme.

Under the circumstances, we are concerned about the ability of USP Terre Haute to accommodate full access to our client while protecting the safety of ourselves, Mr. Purkey, and staff during the time up to and including the execution itself. In-person access to Mr. Purkey by ourselves and our experts is an essential part of our ability to effectively represent him, and is critical as he is facing an execution date in less than one month. We have been unable to conduct any in-person visitation with Mr. Purkey since March. At the same time, we have team members who are high risk because they are medically vulnerable to COVID-19 or who care for persons who are vulnerable to the virus.

Please provide by close of business today the written policies of measures to protect our safety and the safety of Mr. Purkey, while ensuring full in-person access to our client for legal, social, and spiritual visitation in the next now less than four weeks, up to and including the execution itself, as we need to schedule expert and legal visits immediately.

Best,

Rebecca

Rebecca E. Woodman
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
(785) 979-3672
rewlaw@outlook.com

---

**From:** Katherine Siereveld <ksiereveld@bop.gov>
**Date:** Tuesday, June 16, 2020 at 2:43 PM
**To:** Michelle Law <Michelle_Law@fd.org>, Rebecca Woodman <rewlaw@outlook.com>
**Cc:** Andrew Sutton <asutton@bop.gov>
**Subject:** Re: Execution notice for Wesley Purkey

We are still working on a plan that will allow as much visitation as possible while still mitigating the risk of exposure to COVID-19.  I will have something in writing for you by tomorrow, but you can begin to schedule your legal visits as soon as you wish.  The normal schedule will remain the same (M-F, 8-3), we are working on the additional precautions re: COVID.  Please note that vending will not be available.  Mr. Sutton has been copied on this email and can assist you in scheduling.

>>> Rebecca Woodman <rewlaw@outlook.com> 6/16/2020 2:00 PM >>>
Yes, you can call me at the number below.

Rebecca E. Woodman
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
(785) 979-3672
rewlaw@outlook.com

---

**From:** Katherine Siereveld <ksiereveld@bop.gov>
**Date:** Tuesday, June 16, 2020 at 12:59 PM
**To:** Michelle Law <Michelle_Law@fd.org>, Rebecca Woodman <rewlaw@outlook.com>
**Subject:** Re: Execution notice for Wesley Purkey

Hi Rebecca,
We do not have anything written yet but I am working on it.  Is there a number I can call you at and I can let you know what the plan is?
Thanks,
Katherine

>>> Rebecca Woodman <rewlaw@outlook.com> 6/16/2020 1:58 PM >>>
Dear Katherine: I am interested in knowing what arrangements are being made with respect to access to our client in terms of legal, social, and spiritual visits going forward, given the Covid situation. Are there written policies in this regard? If so, I would like to see them. The BOP website, for example, states that "all visiting at this facility has been suspended until further notice," so I wonder how we are to proceed. In addition to any written policies, I am happy to discuss these matters further in a phone call if you would like to do so.

**Page 4 of 5**

I would appreciate a prompt response in light of the brief window of time. Thank you.

Best,
Rebecca

Rebecca E. Woodman
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
(785) 979-3672
rewlaw@outlook.com

---

**From:** Katherine Siereveld <ksiereveld@bop.gov>
**Date:** Monday, June 15, 2020 at 4:48 PM
**To:** Michelle Law <Michelle_Law@fd.org>, "rewlaw@outlook.com" <rewlaw@outlook.com>
**Subject:** Execution notice for Wesley Purkey

Dear Michelle and Rebecca:

Please see the attached execution notice which was just provided to inmate Purkey.  I will be available tomorrow to discuss legal and social visits going forward.  Do not hesitate to let us know if you have any questions.

Thank you,
Katherine

Katherine N. Siereveld
Senior Attorney
FCC Terre Haute
4200 Bureau Road North
Terre Haute, Indiana 47802
(812) 238-3476

Sunday, June 21, 2020 at 22:23:23 Central Daylight Time

**Subject:** Re: Execution notice for Wesley Purkey

**Date:** Friday, June 19, 2020 at 10:04:23 AM Central Daylight Time

**From:** Rebecca Woodman

**To:** Katherine Siereveld

**CC:** Michelle Law, McAleer, Chas, Fleming, Brian, Casey, Brian (USAMOW)

Dear Katherine:

I wanted to follow up on our telephone conversation and emails of Tuesday, June 16, 2020. Specifically, you indicated both in your emails and on the phone that written policies to ensure full access to our client, Wes Purkey, who is scheduled to be executed on July 15, 2020, for legal, social, and spiritual visitation while also protecting the safety of our team members, Mr. Purkey, and staff from COVID-19, were being developed and would be issued forthwith. In our telephone conversation on Tuesday, you stated that I would have those written policies within the next hour or two. In an email later in the day on Tuesday, you stated that I would have the written policies the following day. However, I have yet to receive any written policy.

The safety measures that you mentioned in our telephone conversation on Tuesday – temperature checks, questions about symptoms, a mask (either one's own or provided by the facility), and a preference for non-contact visits – are the same measures that were instituted at USP Terre Haute back in March 2020 when the impact of the COVID-19 pandemic was beginning to be felt in the United States. These measures were also instituted just before we were first notified on March 13, 2020 that all of our visits were cancelled until further notice and the prison went into full lockdown, and thus are obviously insufficient to ensure our safety and protection from COVID-19. The homepage of USP Terre Haute's website still prominently displays a banner stating that "All visiting at this facility has been suspended until further notice." BOP reports there has been one death from COVID-19 and five positive tests at USP Terre Haute, but I am aware of no regular testing regime of either prisoners or staff at the facility, and the known COVID-19 transmission rates in closed spaces like a prison is extreme.

Under the circumstances, we are concerned about the ability of USP Terre Haute to accommodate full access to our client while protecting the safety of ourselves, Mr. Purkey, and staff during the time up to and including the execution itself. In-person access to Mr. Purkey by ourselves and our experts is an essential part of our ability to effectively represent him, and is critical as he is facing an execution date in less than one month. We have been unable to conduct any in-person visitation with Mr. Purkey since March. At the same time, we have team members who are high risk because they are medically vulnerable to COVID-19 or who care for persons who are vulnerable to the virus.

Please provide by close of business today the written policies of measures to protect our safety and the safety of Mr. Purkey, while ensuring full in-person access to our client for legal, social, and spiritual visitation in the next now less than four weeks, up to and including the execution itself, as we need to schedule expert and legal visits immediately.

Best,
Rebecca

Rebecca E. Woodman
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
(785) 979-3672
rewlaw@outlook.com