UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DALE HARTKEMEYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00336-JMS-DLP |
| ) | |
| WILLIAM P. BARR, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Denying Motion for Intervention Filed by
Earlene Peterson, Kimma Gurel, and Monica Viellette,
Granting Motion for Intervention Filed by Father Mark O'Keefe,
and Directing the Opening of a New Action**

**I. Background**

On July 2, 2020, Dale Hartkemeyer filed this civil rights action challenging the defendants' scheduling of Wesley Purkey's execution for July 15, 2020. Mr. Hartkemeyer, who is Mr. Purkey's minister of record, challenges Mr. Purkey's scheduled execution under the Religious Freedom and Restoration Act of 1993 ("RFRA") and the Administrative Procedure Act ("the APA"). Mr. Purkey has selected Mr. Hartkemeyer as his spiritual advisor, and the Bureau of Prisons ("BOP") has approved his request. Mr. Hartkemeyer alleges that the scheduling of Mr. Purkey's execution during the nationwide spread of the 2019 novel coronavirus ("COVID-19") substantially burdens his sincere religious beliefs and was arbitrary and capricious.

On July 7, 2020, Earlene Peterson, Kimma Gurel, and Monica Viellette filed a motion to intervene. Dkt. 41. These three individuals are family members of the victims of Daniel Lewis Lee, who is scheduled for execution on July 13, 2020. Ms. Peterson, Ms. Gurel, and Ms. Viellette challenge the setting of Mr. Lee's execution date under the APA, arguing that the scheduling of Mr. Lee's execution during the nationwide spread of COVID-19 was arbitrary and capricious.

1

Ms. Peterson, Ms. Gurel, and Ms. Viellette have been selected by the Warden of the United States Penitentiary in Terre Haute as "citizens" who may be present for Mr. Lee's execution. *See* 28 C.F.R. § 26.4(c)(4)(i).

Also on July 7, 2020, Father Mark O'Keefe filed a separate motion to intervene. Fr. O'Keefe is Dustin Lee Honken's spiritual advisor, and Mr. Honken is scheduled for execution on July 17, 2020. On June 30, 2020, Mr. Honken designated Father O'Keefe as the spiritual advisor to attend his execution pursuant to 28 C.F.R. § 26.4(c)(3)(i), and requested that Father O'Keefe be permitted to accompany Mr. Honken in the execution chamber. And, on or about July 5, 2020, the BOP approved Mr. Honken's request to have Father O'Keefe attend his execution as his spiritual advisor, including to be present with him in the execution room. Fr. O'Keefe alleges that the scheduling of Mr. Honken's execution during the nationwide spread of COVID-19 substantially burdens his sincere religious beliefs and was arbitrary and capricious.

## II. Applicable Law

Intervention as of right must be permitted if the would-be intervenor files a timely motion to intervene and

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

Even where a would be-intervenor has no right to intervene, the court may permit intervention where the would-be intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

### III. Motions for Intervention

#### A. Intervention as of Right

Neither set of applicants is entitled to intervention as of right because neither "claims an interest relating to the *property or transaction* that is the subject of the action." Fed. R. Civ. P. 24(a)(2). Indeed, neither the applicants nor the defendants have identified the transaction that is the subject of the action—namely, the execution of Mr. Purkey. And none of the applicants has any legally recognizable interest in that transaction.

"The strongest case for intervention is not where the aspirant for intervention could file an independent suit, but where the intervenor-aspirant has no claim against the defendant yet a legally protected interest that could be impaired by the suit." *Solid Waste Agency of N. Cook County v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 507 (7th Cir. 1996); *see Lopez-Aguilar v. Marion County Sheriff's Dep't*, 924 F.3d 375, 393 (7th Cir. 2019) (same).

Here, the applicants could file an independent action, and they have no interest in Mr. Purkey's scheduled execution. To be sure, they seek to litigate similar legal and factual issues as Mr. Hartkemeyer. But that is a basis for permissive intervention, not intervention as of right. *See* Fed. R. Civ. P. 24(b)(1)(B).

#### B. Permissive Intervention

Both sets of applicants present at least one claim "that shares with the main action a common question of law or fact." *Id.*

Fr. O'Keefe's claims are undeniably similar to Mr. Hartkemeyer's. Like Mr. Hartkemeyer, he is the designated spiritual advisor chosen by an inmate to be present for the inmate's scheduled execution. And like Mr. Hartkemeyer, he challenges the scheduling of the relevant execution (1) under RFRA as a substantial burden on his sincerely held religious beliefs and (2) under the

3

APA as arbitrary and capricious. Permissive intervention is "just about economy in litigation." *City of Chicago v. FEMA*, 660 F.3d 980, 987 (7th Cir. 2011). The Court concludes that judicial economy favors allowing Fr. O'Keefe to intervene in this action. Accordingly, his motion for intervention, dkt. [41], is **granted**.

Ms. Peterson, Ms. Gurel, and Ms. Viellette's also raise a claim under the APA, but the facts underlying the clams are quite different. Among other things, they are members of the victims' families, they plan to travel from Arkansas and Washington, while Mr. Hartkemeyer and Fr. O'Keefe reside in Indiana; the victim witnesses will view Mr. Lee's execution from a witness room, while Mr. Hartkemeyer and Fr. O'Keefe will be present in the execution chamber; and the victim witnesses were selected for attendance by the Warden, while Mr. Hartkemeyer and Fr. O'Keefe were chosen by Mr. Purkey and Mr. Honken, respectively. Judicial economy does not favor intervention for Ms. Peterson, Ms. Gurel, and Ms. Viellette. Accordingly, their motion for intervention, dkt. [35], is **denied**.

## IV. Directing the Opening of a New Action

Although Ms. Peterson, Ms. Gurel, and Ms. Viellette's motion for intervention is denied, in the interests of justice, the Court directs the opening of a new action based on their proposed complaint. Accordingly, the **clerk is directed** to open a new civil action in the Terre Haute Division consistent with the following:

(a) The plaintiffs shall be Earlene Peterson, Kimma Gurel, and Monica Viellette.

(b) The defendants shall be William P. Barr, Michael Carvajal, and T.J. Watson.

(c) The Nature of Suit shall be 555.

(d) The Cause of Action shall be 28:2201 Injunction.

(e) The clerk shall file copies of the proposed complaint, dkt. [35], motion for preliminary injunction, dkt. [44-1], memorandum in support, dkt. [44-2], and this Order in the new action.

(f) This action and the new action shall be shown as linked actions on the docket.

(g) The new action will be assigned to District Judge Jane Magnus-Stinson and Magistrate Judge Doris L. Pryor.

**IT IS SO ORDERED.**

Date: 7/8/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Michelle Behrens
ROPES & GRAY LLP
michelle.behrens@ropesgray.com

Maria G. Calvet
ROPES & GRAY LLP
maria.calvet@ropesgray.com

Abigail A. Clapp
GREENBERG TRAURIG LLP
clappa@gtlaw.com

John T. Dey
ROPES & GRAY LLP
john.dey@ropesgray.com

David C. Fathi
NATIONAL PRISON PROJECT OF THE ACLU
dfathi@npp-aclu.org

Amy Fly
American Civil Liberties Union
afly@aclu.org

Kyle R. Freeny
Greenberg Traurip, LLP
2101 L Street, N.W.
Washington, DC 20027

Douglas Hallward-Driemeier
ROPES & GRAY LLP
douglas.hallward-driemeier@ropesgray.com

5

Michael M. Kraus
Greenberg Traurig, LLP
90 South Seventh Street
Suite 3500
Minneapolis, MN 55402

Howard Baker Kurrus
H. Baker Kurrus, PLLC
bkurrus@aol.com

Daniel Mach
AMERICAN CIVIL LIBERTIES UNION
dmach@aclu.org

Cassandra Stubbs
AMERICAN CIVIL LIBERTIES UNION
cstubbs@aclu.org

Heather L. Weaver
AMERICAN CIVIL LIBERTIES UNION
hweaver@aclu.org

Jennifer Wedekind
American Civil Liberties Union Foundation
jwedekind@aclu.org

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov