

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Roger A. G. Sharpe, Clerk of Court**

| Birch Bayh Federal Building | U.S. Courthouse, Room 104 | Winfield K. Denton Federal Building | Lee H. Hamilton Federal Building |
|---|---|---|---|
| & U.S. Courthouse, Room 105 | 921 Ohio Street | & U. S. Courthouse, Room 304 | & U.S. Courthouse, Room 210 |
| 46 East Ohio Street | Terre Haute, IN 47807 | 101 NW Martin Luther King Blvd. | 121 West Spring Street |
| Indianapolis, IN  46204 | (812) 231-1840 | Evansville, IN 47708 | New Albany, IN 47150 |
| (317) 229-3700 | | (812) 434-6410 | (812) 542-4510 |

July 14, 2020

Michelle Behrens
ROPES & GRAY LLP
2099 Pennsylvania Ave. N.W.
Washington, DC 20006-6807

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
(Indianapolis)
10 West Market Street
Suite 2100
Indianapolis, IN 46204


RE:  DALE HARTKEMEYER v. WILLIAM P. BARR

CAUSE NO:  2:20-cv-00336-JMS-DLP

Dear Appellant and Appellee:

Please be advised that the Notice of Appeal filed in 2:20-cv-00336-JMS-DLP has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.


Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Roger A. G. Sharpe
Clerk of Court

By Rebekah Farrington, Deputy Clerk
812-231-1841

## <u>Selected Rules for Reference</u>

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:    The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at:  http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

## THE SETTLEMENT CONFERENCE PROGRAM
## U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Pursuant to Rule 33 of the Federal Rules of Appellate Procedure[1] and Circuit Rule 33, the Court conducts conferences with counsel and clients to encourage and facilitate the settlement of civil appeals. Rule 33 conferences are conducted in all types of fully-counseled civil appeals except immigration, social security, habeas corpus, prisoners' civil rights, sentencing, and mandamus cases. The Court spontaneously notices most eligible appeals for Rule 33 conferences. Attorneys for one or more parties may also request that a conference be conducted in any eligible case.

Counsel and clients are well-advised to explore opportunities for settlement at the appellate level.Regardless of how unlikely it may seem, the fact is that many cases can be settled at this stage, substituting a certain and acceptable outcome for the risk and expense of further litigation. The Court's Settlement Conference Office has assisted counsel in settling many appeals without unduly delaying the progress of those appeals which do not yield to settlement efforts.      The following information is intended to assist practitioners and their clients in understanding how the Seventh Circuit's settlement conference program works and how they can make the best use of it to achieve favorable results.

- **How do counsel learn that a Rule 33 conference will be conducted in their appeal?**
  A Notice of Rule 33 Settlement Conference is posted on the docket. The Notice is an order of the Court advising counsel of the date and time of the conference, whether it is to be in person or by telephone, and how they and their clients are expected to prepare.

- **How can a Rule 33 conference be requested?**
  Counsel are invited to request a Rule 33 conference by contacting the Settlement Conference Office, U.S. Court of Appeals for the Seventh Circuit, 219 S. Dearborn, Room 1120, Chicago, Illinois 60604-1705 (Tel. (312) 435-6883/Fax (312) 435-6888/E-mail:  settlement@ca7.uscourts.gov ). At the request of any party or parties in an eligible appeal, the Settlement Conference Office will schedule a Rule 33 conference if its calendar permits. Counsel are then advised by notice that a conference will be held.

- **Do other parties have to be informed that a conference was requested?**
  No. If a party prefers to keep its request confidential, the Settlement Conference Office will not disclose to other parties or to the Court that the conference was requested.

- **Is participation in Rule 33 conferences optional?**
  No. When a Rule 33 conference is scheduled, participation is mandatory.

- **Are clients required to attend?**
  Clients and insurance representatives are required to attend Rule 33 conferences whenever the Settlement Conference Office so directs. When clients or insurance representatives have not been directed to attend the initial conference, they must be available by phone – with full settlement authority – for the duration of the conference.

- **Is it mandatory to settle?**
  No. Whether to settle is ultimately for the parties and their counsel to decide. However, counsel and parties are required to participate with the utmost diligence and good faith. Experience shows that settlements can often be achieved when neither side thought it possible.

---

[1] FRAP Rule 33 provides: "Appeal Conferences. The Court may direct the attorneys, and in appropriate cases the parties, to participate in one or more conferences to address any matter that may aid in the disposition of the proceedings, including the simplification of the issues and the possibility of settlement. A conference may be conducted in person or by telephone and be presided over by a judge or other person designated by the court for that purpose. Before a settlement conference, attorneys must consult with their clients and obtain as much authority as feasible to settle the case. As a result of a conference, the court may enter an order controlling the course of the proceedings or implementing any settlement agreement."

- **Who conducts Rule 33 conferences?**
  The Court has delegated the responsibility for conducting Rule 33 conferences to three full-time conference attorneys: Joel N. Shapiro, Rocco J. Spagna, and Jillisa Brittan. All were civil litigators in private practice prior to their appointment by the Court.

- **Is there a fee for the services of the conference attorney?**
  No. The assistance of the Settlement Conference Office is available to appellate litigants at no charge.

- **Must each party's lead attorney attend the Rule 33 conference?**
  Yes. It is essential that each party be represented at the Rule 33 conference by an attorney who not only is conversant with the case but is the attorney on whose advice the party relies. If more than one attorney meets these criteria, either of them may represent the client in the Rule 33 conference.

- **How is it decided whether a Rule 33 conference will be conducted by telephone or in person?**
  When all participants reside in the Chicago metropolitan area, Rule 33 conferences are usually held in the Settlement Conference Office at the United States Courthouse. Otherwise, conferences are generally conducted by telephone. The telephone equipment used in these conferences can accommodate more than a dozen separate lines and enables the conference attorney to speak privately with any combination of participants. Experience indicates that telephone conferences are generally as effective as in-person conferences in fostering settlements.

- **Are in-person conferences ever held outside Chicago?**
  Because the resources of the settlement conference program are limited, in-person conferences cannot routinely be held throughout the Circuit. However, from time to time in-person conferences are conducted at locations other than Chicago. If the participants believe that an in-person conference outside Chicago would be more productive than a conference by telephone, they are welcome to suggest it.

- **Are Rule 33 conferences confidential?**
  Yes. The Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the litigants, their counsel, and the conference attorney.

- **Do judges of the Court of Appeals learn what has happened at a Rule 33 conference?**
  No. Participants in Rule 33 conferences, including the conference attorney, are forbidden to impart to any judge or other court personnel, in the Court of Appeals or elsewhere, what has been communicated in these conferences.

- **What occurs at a Rule 33 conference?**
  Rule 33 conferences are official proceedings of the Court but are off-the-record and relatively informal. Discussion is conversational rather than argumentative. The focus is on realistically assessing the prospects of the appeal, the risks and costs of further litigation, the interests of the parties, and the benefits each side can gain through settlement. The conference attorney ordinarily meets with counsel both together and separately. Settlement proposals are discussed. A resolution may or may not be reached during the initial conference. Often, follow-up conferences or shuttle negotiations are conducted. Letters or draft proposals may be exchanged. By the conclusion of the Rule 33 process, the parties will have either reached an agreement to settle or learned how far apart they are and what are the remaining obstacles to settlement.

- **Is discussion of settlement limited to the appeal itself?**
  Not necessarily. If settlement of the appeal will not dispose of the entire case, or if related litigation is pending in other forums, the parties are invited and encouraged to explore the possibility of a global settlement.

- **Is briefing deferred when a Notice of Rule 33 Conference is issued?**
  Briefing is usually postponed until after the initial conference. If further modification of the briefing schedule would be conducive to settlement, an order to that effect may later be entered. What preparation is required of

counsel? In preparation for the initial Rule 33 conference, attorneys are required to consult rigorously with their clients and obtain as much authority as feasible to settle the case. Counsel must also review their legal and factual contentions with a view to being able to discuss candidly the prospects of the appeal and the case as a whole. If the conference attorney requests copies of pleadings, hearing transcripts, or other material in anticipation of the conference, counsel are expected to provide it promptly.

- **What is the role of the conference attorney?**
  Because the format of Rule 33 conferences is flexible and each appeal is dealt with on its own terms, the conference attorney plays a variety of roles. He or she acts as moderator, facilitator, and intermediary. The conference attorney serves as a neutral evaluator and a reality check. He or she may suggest terms of settlement. Without being coercive, the conference attorney acts as a determined advocate for settlement.

- **What can counsel expect of the conference attorney**?
  Before the initial conference, the conference attorney will have familiarized him or herself with the history of the litigation, the posture of the case, and the issues on appeal. During the conference, the conference attorney will seek additional information about the background of the dispute and the parties' interests, claims and defenses in order to explore all possibilities for a voluntary resolution. The conference attorney is strictly impartial. He or she does not advocate for any party and avoids making comments that could advantage one side or another in arguing the issues on appeal. The conference attorney will disclose any affiliation or prior representation of which he or she is aware that could call his or her neutrality into question. The conference attorney does not force any party to settle or to accept terms it is not willing to accept. While he or she urges parties to take advantage of opportunities to settle favorably, the conference attorney recognizes that settlement is not always possible.

- **How can counsel make best use of the Rule 33 conference to benefit their clients?**
  Recognize that the Rule 33 conference is an opportunity to achieve a favorable outcome for your client. Without laying aside the advocate's responsibility, approach the conference as essentially cooperative rather than adversarial. Help your client make settlement decisions based not on overconfidence or wishful thinking, but on a realistic assessment of the case; not on emotion, however justified it may be, but on rational self-interest. Suggest terms of settlement that maximize the benefits of settlement for all parties. Take advantage of the opportunity to talk confidentially and constructively with counsel for the other parties and, if clients are present, to address them respectfully but convincingly. Let the conference attorney know how he or she can help you obtain a satisfactory resolution. Be candid. Don't posture. Listen closely to what other participants have to say. Give the process a chance to work.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

|  |  |  |
|---|---|---|
| DALE HARTKEMEYER (AKA SEIGEN) | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-00336-JMS-DLP |
| | ) | |
| WILLIAM P. BARR, in his official capacity as the Attorney General of the United States; MICHAEL CARVAJAL, in his official capacity as the Director of the Federal Bureau of Prisons; and T.J. WATSON, in his official capacity as Complex Warden for Terre Haute Federal Correctional Complex, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| FATHER MARK OKEEFE, | ) | |
| | ) | |
| Intervenor Plaintiff. | ) | |

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff Rev. Dale Hartkemeyer (aka Seigen) and Intervenor Plaintiff Father Mark O'Keefe in the above named case, hereby appeal to the United States Court of Appeals for the 7th Circuit from the Order Denying Motion for Preliminary Inunction entered in this action on the 14th day of July, 2020.

Respectfully submitted,

/s/     *David C. Fathi*

David C. Fathi**
Daniel Mach

Abigail A. Clapp (Ind. Atty. No. 25444-45)

Greenberg Traurig, LLP
77 W. Wacker Dr., Ste. 3100
Chicago, IL 60601
Tel:  (312) 508-4600
Fax  (312) 899-0393
ClappA@gtlaw.com

Edward C. Wallace*
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Tel:  (212) 801-9200
WallaceE@gtlaw.com

Michael M. Krauss (*pro hac vice*)
Greenberg Traurig, LLP
90 South Seventh Street, Suite 3500
Minneapolis, MN 55402
Tel:  (612) 259-9700
KraussM@gtlaw.com

Kyle R. Freeny (*pro hac vice*)
Greenberg Traurig, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Tel:  (202) 331-3100
FreenyK@gtlaw.com

*\*pro hac vice* motion forthcoming


*Counsel for Plaintiff Intervenor Father Mark O'Keefe, OSB*

Heather L. Weaver
Jennifer Wedekind
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 548-6603
dfathi@aclu.org
dmach@aclu.org
hweaver@aclu.org
jwedekind@aclu.org

Cassandra Stubbs
Amy Fly
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION
201 W. Main St., Suite 402
Durham, NC 27701
(919) 688-4605
cstubbs@aclu.org
afly@aclu.org

Douglas Hallward-Driemeier
Maria G. Calvet
Michelle H. Behrens
John T. Dey
ROPES & GRAY LLP
2099 Pennsylvania Avenue NW
Washington D.C. 20006
Tel:  (202) 508-4600
Douglas.Hallward-
   Driemeier@ropesgray.com
Maria.Calvet@ropesgray.com
Michelle.Behrens@ropesgray.com
John.Dey@ropesgray.com

\*\*Not admitted in D.C.; practice limited to federal courts


*Counsel for Plaintiff Dale Hartkemeyer (aka Seigen)*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 14th day of July, 2020, I caused the foregoing to be filed electronically with the Clerk of the Court via CM/ECF, with all authorized parties being served electronically via CM/ECF.

/s/ *David C. Fathi*_____
David C. Fathi
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 548-6603
dfathi@aclu.org

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| DALE HARTKEMEYER (AKA SEIGEN) and FATHER MARK O'KEEFE<br>     Petitioners-Appellants,<br><br>v.<br><br>WILLIAM P. BARR, in his official capacity as the Attorney General of the United States; MICHAEL CARVAJAL, in his official capacity as the Director of the Federal Bureau of Prisons; and T.J. WATSON, in his official capacity as Complex Warden for Terre Haute Federal Correctional Complex,<br><br>     Respondents-Appellees. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:20-cv-00336-JMS-DLP<br><br>**DEATH PENALTY CASE EXECUTION SCHEDULED FOR JULY 15, 2020** |

### APPELLANTS' DOCKETING STATEMENT

Pursuant to Seventh Circuit Rule 3(c)(1), Petitioners-Appellants Dale Hartkemeyer (aka Seigen) and Father Mark O'Keefe, by and through undersigned counsel, hereby submit this docketing statement for their appeal.

### I.    JURISDICTION OF THE DISTRICT COURT

The District Court had jurisdiction over this matter as a civil action arising under the laws of the United States pursuant to 28 U.S.C. § 1331, with claims arising under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*

## II.    JURISDICTION OF THE COURT OF APPEALS

This appeal is taken from the order of the U.S. District Court for the Southern District of Indiana entered on July 14, 2020 by the Honorable Jane Magnus-Stinson denying Petitioners-Appellants' motion for preliminary injunction.  The United States Court of Appeals has jurisdiction to decide this case pursuant to 28 U.S.C. § 1292.  The notice of appeal was filed on July 14, 2020.

## III.    PRIOR OR RELATED APPELLATE PROCEEDINGS

Pursuant to Seventh Circuit Rule 22(a), in "cases involving persons under sentence of capital punishment," "[t]he panel to which a case is assigned will handle all substantial matters pertaining to the case, including . . . stays of execution . . . ."  Wesley Purkey, for whom Petitioner-Appellant Hartkemeyer serves as spiritual advisor, currently has an appeal pending before the U.S. Court of Appeals for the Seventh Circuit.  *See Purkey v. United States*, No. 19-3318, 2020 WL 3958442 (7th Cir. July 13, 2020) (denying Respondents-Appellees' motion for reconsideration).

Respectfully submitted this 14th day of July, 2020.

/s/    *David C. Fathi*

<table>
<tr><td></td><td>David C. Fathi**</td></tr>
<tr><td>Abigail A. Clapp (Ind. Atty. No. 25444-45)</td><td>Daniel Mach</td></tr>
<tr><td>Greenberg Traurig, LLP</td><td>Heather L. Weaver</td></tr>
<tr><td>77 W. Wacker Dr., Ste. 3100</td><td>Jennifer Wedekind</td></tr>
<tr><td>Chicago, IL 60601</td><td>AMERICAN CIVIL LIBERTIES UNION</td></tr>
<tr><td>Tel:  (312) 508-4600</td><td>  FOUNDATION</td></tr>
<tr><td>Fax  (312) 899-0393</td><td>915 15th Street NW</td></tr>
<tr><td>ClappA@gtlaw.com</td><td>Washington, DC 20005</td></tr>
<tr><td></td><td>(202) 548-6603</td></tr>
<tr><td>Edward C. Wallace</td><td>dfathi@aclu.org</td></tr>
<tr><td>Greenberg Traurig, LLP</td><td>dmach@aclu.org</td></tr>
<tr><td>200 Park Avenue</td><td>hweaver@aclu.org</td></tr>
</table>

-2-

New York, NY 10166
Tel:  (212) 801-9200
WallaceE@gtlaw.com

Michael M. Krauss
Greenberg Traurig, LLP
90 South Seventh Street, Suite 3500
Minneapolis, MN 55402
Tel:  (612) 259-9700
KraussM@gtlaw.com

Kyle R. Freeny
Greenberg Traurig, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Tel:  (202) 331-3100
FreenyK@gtlaw.com


*Counsel for Petitioner-Appellant Father
Mark O'Keefe*

jwedekind@aclu.org

Cassandra Stubbs
Amy Fly
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION
201 W. Main St., Suite 402
Durham, NC 27701
(919) 688-4605
cstubbs@aclu.org
afly@aclu.org

Douglas Hallward-Driemeier
Maria G. Calvet
Michelle H. Behrens
John T. Dey
ROPES & GRAY LLP
2099 Pennsylvania Avenue NW
Washington D.C. 20006
Tel:  (202) 508-4600
Douglas.Hallward-
  Driemeier@ropesgray.com
Maria.Calvet@ropesgray.com
Michelle.Behrens@ropesgray.com
John.Dey@ropesgray.com

**Not admitted in D.C.; practice limited to
federal courts


*Counsel for Petitioner-Appellant Dale
Hartkemeyer (aka Seigen)*

-3-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 14th day of July, 2020, I caused the foregoing to be

filed electronically with the Clerk of the Court via CM/ECF, with all authorized parties being

served electronically via CM/ECF.

/s/      *David C. Fathi*
David C. Fathi
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 548-6603
dfathi@aclu.org

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DALE HARTKEMEYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00336-JMS-DLP |
| | ) | |
| WILLIAM P. BARR, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| FATHER MARK OKEEFE, | ) | |
| | ) | |
| Intervenor Plaintiff. | ) | |

## Order Denying Motion for Preliminary Injunction

Plaintiff Dale Hartkemeyer filed this civil rights action challenging the defendants' scheduling of Wesley Purkey's execution for July 15, 2020 during the COVID-19 pandemic. Mr. Hartkemeyer, who is Mr. Purkey's minister of record, alleges that the scheduled execution violates the Religious Freedom and Restoration Act of 1993 ("RFRA") and the Administrative Procedure Act ("the APA") as it places him at serious personal risk due to potential exposure to the coronavirus.

Intervenor-plaintiff Father Mark O'Keefe challenges the defendants' scheduling of Dustin Lee Honken's execution for July 17, 2020. Fr. O'Keefe, who is Mr. Honken's minister of record, likewise alleges that the scheduled execution violates RFRA and the APA, again citing the coincidence of the execution and the COVID-19 pandemic.

### I.    Background

A federal jury found Mr. Purkey guilty in 2003 of interstate kidnapping, rape, and murder, and he was sentenced to death. *United States v. Purkey*, 428 F.3d 738, 744 (8th Cir. 2005).

1

A federal jury found Mr. Honken guilty in 2004 of witness tampering, soliciting the murder of a witness, drug conspiracy murder, and Continuing Criminal Enterprise (CCE) murder, and he was sentenced to death. *United States v. Honken*, 541 F.3d 1146, 1148–49 (8th Cir. 2008).

On July 25, 2019, at the direction of defendant Attorney General William Barr, the Department of Justice set execution dates for five federal inmates, including Mr. Purkey and Mr. Honken. Those executions were stayed in November 2019 by a preliminary injunction in the United States District Court for the District of Columbia. *In re Matter of Federal Bureau of Prisons' Execution Protocol Cases*, 2019 WL 6691814, at *8 (D.D.C. Nov. 20, 2019). On April 7, 2020, the District of Columbia Circuit Court of Appeals vacated the preliminary injunction. *In re Matter of Federal Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 113 (D.C. Cir. 2020), *reh'g denied*, 955 F.3d 106 (May 15, 2020), *cert. denied*, *Bourgeois v. Barr*, 2020 WL 3492763 (Mem. Op.) (June 29, 2020).

Meanwhile, the novel coronavirus ("COVID-19") has been spreading in the United States since early 2020. As of 12:15 p.m. on July 12, 2020, there were 3,236,130 reported cases in the United States, including 394,224 cases in the past week. Centers for Disease Control and Prevention, Covid Data Tracker, https://www.cdc.gov/covid-data-tracker/#cases (last visited July 12, 2020). 134,572 people have died from the virus in the United States. *Id.* In Indiana, there have been 51,612 confirmed cases, and 2,567 people have died. Indiana COVID-19 Dashboard, https://www.coronavirus.in.gov/2393.htm (last visited July 12, 2020).

On June 15, 2020, with the Bureau of Prisons ("BOP") essentially locked down due to the COVID-19 pandemic, the Department of Justice announced four execution dates, including Mr. Purkey's on July 15, 2020, and Mr. Honken's on July 17, 2020. *See* Press Release, Dep't of Justice, "Executions Scheduled for Four Federal Inmates Convicted of Murdering Children" (June

2

15, 2020), https://www.justice.gov/opa/pr/executions-scheduled-four-federal-inmates-convicted-murdering-children.

On July 11, 2020, four days before Mr. Purkey's scheduled execution and six days before Mr. Honken's, a staff member at FCC Terre Haute tested positive for COVID-19 after visiting with individuals who also tested positive. Dkt. 77-1 at ¶¶ 4−5 (Rick Winter Declaration July 12, 2020). This officer left work on July 8 to self-quarantine. *Id.* at ¶ 4. Between his exposure and his departure, he (1) "attended the law enforcement meeting with outside law enforcement in preparation for the scheduled executions"; (2) "attended a meeting regarding the handling of demonstrators at the scheduled executions"; and (3) "attended to an issue at the SCU," where Mr. Purkey and Mr. Honken are presently held. *Id.* at ¶ 6. He "did not wear a mask at all times during this period." *Id.* at ¶ 7. While this staff member did not come into contact with any members of the execution protocol team, the BOP has not yet completed contact tracing protocols. *Id.* at ¶ 9. And, despite this positive test, the BOP has not changed its plan to forego testing the execution protocol team. Dkt. 33-1 at ¶ 7 (Rick Winter Declaration July 6, 2020) ("BOP has no plans to conduct COVID testing on individuals involved in the execution in advance of the execution."); dkt. 77-1 ("BOP will continue to perform the mitigation measures identified in my prior declaration dated July 6.").

## II.    Standard for Preliminary Injunction

In deciding whether to stay an execution, the Court must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). "The first two factors . . . are the most critical." *Id.*

3

## III.     Discussion

A.     **The Plaintiffs Have Not Shown More than a Negligible Likelihood of Success on Their RFRA Claims.**

As the statute itself explains, Congress enacted RFRA "to restore the compelling interest test as set forth in *Sherbert v. Verner*, 374 U.S. 398 (1963) and *Wisconsin v. Yoder*, 406 U.S. 205 (1972) and to guarantee its application in all cases where free exercise of religion is substantially burdened." 42 U.S.C. § 2000bb(b)(1). Courts evaluate RFRA claims using a four-part test. The plaintiff must show that a challenged government action (1) substantially burdens (2) the plaintiff's sincerely held religious belief. *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 691−92 (2014). If the plaintiff makes the required showings, then the defendant must show that the government action (3) is necessitated by a compelling governmental interest and (4) constitutes the least restrictive means to satisfy that interest. *Id.*

The defendants do not dispute for purposes of this motion that Mr. Hartkemeyer's and Fr. O'Keefe's sincerely held religious beliefs require them to attend to the spiritual needs of Mr. Purkey and Mr. Honken, respectively, as these men face execution. The defendants do, however, argue that the government has imposed no substantial burden on the plaintiffs' free exercise of those beliefs because the plaintiffs are "not themselves the subject of government regulation." Dkt. 33 at 11; *id.* at 13 ("[T]he only impediment Rev. Hartkemeyer identifies—the global pandemic—is not one of the Government's making.").

To show a government-created substantial burden, a plaintiff must identify some government action with a "tendency to coerce individuals into acting contrary to their religious beliefs." *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 450 (1988). The mere scheduling of an execution imposes no obligation or restriction on the religious advisor whom the condemned prisoner has selected to attend. And the plaintiffs' claims as stated in their complaint

rest entirely on the setting of Mr. Purkey's and Mr. Honken's execution dates during the pandemic. Accordingly, the plaintiffs have not shown more than a negligible likelihood of demonstrating a substantial burden on their religious beliefs, as required to prevail on their RFRA claims.

The Court notes that the plaintiffs, in litigating their motions for preliminary injunction, have increasingly focused on the burdens imposed on them as a result of alleged inadequacies of protective measures under the regulations and protocols governing their behavior—and requiring various interactions with prison staff—during the execution process. *See*, *e.g.*, dkt. 82 at 4 ("The Government's failures to ensure compliance with its only limited COVID-19 protocols are an equal cause for concern.")[1]. But the plaintiffs' complaints allege only that the scheduling of executions violated RFRA and the APA. They are not seeking an injunction requiring defendants to provide any additional protective measures for plaintiffs' personal safety. Indeed, the only relief they seek is postponement of Mr. Purkey's and Mr. Honken's executions until a treatment or vaccine for COVID-19 is widely available. Given recent developments, *see Peterson v. Barr*, --- F.3d ----, ----, 2020 WL 3955951, at *2 (7th Cir. 2020) ("[I]f the BOP observes the minimal requirements in the regulation . . . then it has the unconstrained discretion to choose a date for the execution."); *Barr v. Lee*, 591 U.S. ---, ---, No. 20A8 (July 14, 2020) (per curiam), the likelihood of success on this remedy seems vanishingly small. If the plaintiffs wish to litigate some other claim, or seek different relief, they must first amend their complaints.

**B.    The Plaintiffs Have Not Shown More than a Negligible Likelihood of Success on Their APA Claims.**

"The APA 'sets forth the procedures by which federal agencies are accountable to the public and their actions subject to review by the courts.'" *Dep't of Homeland Sec. v. Regents of the Univ.*

---

[1] The Court is mindful that plaintiffs were not advised by the defendants as to the COVID-19 precautionary measures for spiritual advisors until after the initial complaint was filed.

*of California*, 140 S. Ct. 1891, 1905 (2020) (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 796 (1992)). "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

When an agency action is subject to review, a district court may "hold [it] unlawful and set [it] aside" for a number of reasons. 5 U.S.C. § 706(2). The plaintiffs ask the Court to hold unlawful and set aside the government's scheduling of Mr. Purkey's execution on July 15, 2020, and Mr. Honken's on July 17, 2020, as arbitrary and capricious in violation of 5 U.S.C. § 706(2)(A).

The Seventh Circuit recently held that, aside from specific regulations upon which the plaintiffs do not rely, the BOP has "unconstrained discretion" to set an execution date. *Peterson*, --- F.3d at ----, 2020 WL 3955951, at *2. The plaintiffs therefore have no more than a negligible chance of success in showing that the defendants violated the APA in choosing Mr. Purkey's and Mr. Honken's execution dates.

### C.    Remaining Preliminary Injunction Factors

Given the plaintiffs' slim chances of success, the Court need not address the other factors for granting an injunction. *See GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (likelihood of success is a "threshold requirement[]," and a court must deny the preliminary injunction if the plaintiff fails to satisfy it).

### IV.    Conclusion

Mr. Hartkemeyer's motion for preliminary injunction, dkt. [6], and Fr. O'Keefe's motion for preliminary injunction, dkt. [60], are **denied**.

**IT IS SO ORDERED.**

Date: 7/14/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

6

Distribution:

Michelle Behrens
ROPES & GRAY LLP
michelle.behrens@ropesgray.com

Maria G. Calvet
ROPES & GRAY LLP
maria.calvet@ropesgray.com

Abigail A. Clapp
GREENBERG TRAURIG LLP
clappa@gtlaw.com

John T. Dey
ROPES & GRAY LLP
john.dey@ropesgray.com

David C. Fathi
NATIONAL PRISON PROJECT OF THE ACLU
dfathi@npp-aclu.org

Amy Fly
American Civil Liberties Union
afly@aclu.org

Kyle R. Freeny
Greenberg Traurip, LLP
2101 L Street, N.W.
Washington, DC 20027

Douglas Hallward-Driemeier
ROPES & GRAY LLP
douglas.hallward-driemeier@ropesgray.com

Michael M. Kraus
Greenberg Traurig, LLP
90 South Seventh Street
Suite 3500
Minneapolis, MN 55402

Howard Baker Kurrus
H. Baker Kurrus, PLLC
bkurrus@aol.com

Daniel Mach
AMERICAN CIVIL LIBERTIES UNION
dmach@aclu.org

Cassandra Stubbs
AMERICAN CIVIL LIBERTIES UNION
cstubbs@aclu.org

Heather L. Weaver
AMERICAN CIVIL LIBERTIES UNION
hweaver@aclu.org

Jennifer Wedekind
American Civil Liberties Union Foundation
jwedekind@aclu.org

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov

# *** PUBLIC DOCKET ***

## U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:20-cv-00336-JMS-DLP

HARTKEMEYER v. BARR et al
Assigned to: Judge Jane Magnus-Stinson
Referred to: Magistrate Judge Doris L. Pryor

 Related Case:  2:20-cv-00359-JPH-DLP
Cause: 28:2201 Injunction

Date Filed: 07/02/2020
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**DALE HARTKEMEYER**
*also known as*
SEIGEN

represented by **Amy Fly**
American Civil Liberties Union
201 W. Main St.
Suite 402
Durham, NC 27701
(919) 688-4605
Fax: (919) 682-5961
Email: afly@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Cassandra Stubbs**
AMERICAN CIVIL LIBERTIES UNION
201 W. Main St.
Suite 402
Durham, NC 27701
919-688-4605
Fax: 919-682-5961
Email: cstubbs@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Mach**
AMERICAN CIVIL LIBERTIES UNION
915 15th Street, NW
Washington, DC 20005
202-675-2330
Email: dmach@aclu.org

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David C. Fathi**
NATIONAL PRISON PROJECT OF
THE ACLU
915 15th Street, NW
7th Floor
Washington, DC 20005
(202) 393-4930
Fax: (202) 393-4931
Email: dfathi@npp-aclu.org
*ATTORNEY TO BE NOTICED*

**Douglas Hallward-Driemeier**
ROPES & GRAY LLP
2099 Pennsylvania Ave., N.W.
Washington, DC 20006-6807
202-508-4600
Fax: 202-383-8354
Email: douglas.hallward-
driemeier@ropesgray.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Heather L. Weaver**
AMERICAN CIVIL LIBERTIES
UNION
915 15th Street, NW
Washington, DC 20005
202-548-6610
Email: hweaver@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Wedekind**
American Civil Liberties Union
Foundation
National Prison Project
915 15th Street NW
Washington, DC 20005
(202) 548-6610
Fax: (202) 393-4931
Email: jwedekind@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John T. Dey**

ROPES & GRAY LLP
2099 Pennsylvania Ave., N.W.
Washington, DC 20006-6807
202-508-4600
Fax: 202-508-4650
Email: john.dey@ropesgray.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Maria G. Calvet**
ROPES & GRAY LLP
2099 Pennsylvania Ave., N.W.
Washington, DC 20006-6807
202-508-4600
Fax: 202-508-4650
Email: maria.calvet@ropesgray.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michelle Behrens**
ROPES & GRAY LLP
2099 Pennsylvania Ave. N.W.
Washington, DC 20006-6807
202-508-4600
Fax: 202-508-4650
Email:
michelle.behrens@ropesgray.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **WILLIAM P. BARR** | represented by | **Shelese M. Woods** |
| *in his official capacity as the Attorney General of the United States* | | UNITED STATES ATTORNEY'S OFFICE (Indianapolis) 10 West Market Street Suite 2100 Indianapolis, IN 46204 (317) 226-6333 Fax: (317) 226-5027 Email: shelese.woods@usdoj.gov *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **MICHAEL CARVAJAL** | represented by | **Shelese M. Woods** |
| *in his official capacity as the Director of the Federal Bureau of Prisons* | | (See above for address) *ATTORNEY TO BE NOTICED* |

**Defendant**

**T. J. WATSON**                                        represented by  **Shelese M. Woods**
*in his official capacity as Complex*                                (See above for address)
*Warden for Terre Haute Federal*                                   *ATTORNEY TO BE NOTICED*
*Correctional; Complex*


V.

**Intervenor Plaintiff**

**EARLENE PETERSON**                                    represented by  **Howard Baker Kurrus**
*TERMINATED: 07/08/2020*                                             H. Baker Kurrus, PLLC
                                                                    10816 Crestdale Lane
                                                                    Little Rock, AR 72212
                                                                    (501) 831-0325
                                                                    Email: bkurrus@aol.com
                                                                    *PRO HAC VICE*
                                                                    *ATTORNEY TO BE NOTICED*


**Intervenor Plaintiff**

**KIMMA GUREL**                                         represented by  **Howard Baker Kurrus**
*TERMINATED: 07/08/2020*                                             (See above for address)
                                                                    *PRO HAC VICE*
                                                                    *ATTORNEY TO BE NOTICED*


**Intervenor Plaintiff**

**MONICA VEILLETTE**                                    represented by  **Howard Baker Kurrus**
*TERMINATED: 07/08/2020*                                             (See above for address)
                                                                    *PRO HAC VICE*
                                                                    *ATTORNEY TO BE NOTICED*


**Intervenor Plaintiff**

**FATHER MARK OKEEFE**                                  represented by  **Abigail A. Clapp**
                                                                    GREENBERG TRAURIG LLP
                                                                    77 West Wacker Drive
                                                                    Suite 3100
                                                                    Chicago, IL 60601
                                                                    (312) 456-8400
                                                                    Fax: (312) 456-8435
                                                                    Email: clappa@gtlaw.com
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Kyle R. Freeny**
                                                                    Greenberg Traurip, LLP
                                                                    2101 L Street, N.W.
                                                                    Washington, DC 20027
                                                                    (202) 331-3100
                                                                    Fax: (202) 331-3101

Email: freenyk@gtlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael M. Krauss**
Greenberg Traurig, LLP
90 South Seventh Street
Suite 3500
Minneapolis, MN 55402
(612) 259-9712
Fax: (612) 677-3101
Email: kraussm@gtlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/02/2020 | 1 | COMPLAINT *for Declaratory and Injunctive Relief* against WILLIAM P. BARR, MICHAEL CARVAJAL, T. J. WATSON, filed by Dale Hartkemeyer. (Filing fee $400, receipt number 0756-6059484) (Attachments: # 1 Civil Cover Sheet, # 2 Notice of Related Action, # 3 Proposed Summons)(Fathi, David) (Entered: 07/02/2020) |
| 07/02/2020 | 2 | NOTICE of Appearance by David C. Fathi on behalf of Plaintiff Dale Hartkemeyer. (Fathi, David) (Entered: 07/02/2020) |
| 07/02/2020 | 3 | Summons Issued as to WILLIAM P. BARR, MICHAEL CARVAJAL, T. J. WATSON. (RSF) (Entered: 07/02/2020) |
| 07/02/2020 | 4 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (RSF) (Entered: 07/02/2020) |
| 07/02/2020 | 5 | PROCEDURES AND PRACTICES before Judge Jane Magnus-Stinson. (RSF) (Entered: 07/02/2020) |
| 07/02/2020 | 6 | MOTION for Preliminary Injunction , filed by Plaintiff DALE HARTKEMEYER. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A: Hartkemeyer Decl., # 3 Exhibit 1 to Hartkemeyer Decl. - Emails from BOP re Minister Designation, # 4 Exhibit 2 to Hartkemeyer Decl. - 2020.05.26 BOP Email to Hartkemeyer, # 5 Exhibit B: Prejean Decl., # 6 Exhibit C: Woodman Decl., # 7 Exhibit 1 to Woodman Decl. - 2020.03.13 BOP email to Purkey Counsel, # 8 Exhibit 2 to Woodman Decl. - 2020.03.13 FPD email re suspended BOP visitation, # 9 Exhibit 3 to Woodman Decl. - 2020.03.16 emails betwen BOP and Purkey Counsel, # 10 Exhibit 4 to Woodman Decl. - 2020.03.16 BOP email refusing expert visitation, # 11 Exhibit 5 to Woodman Decl. - 2020.03.30 email suspending visitation, # 12 Exhibit 6 to Woodman Decl. - BOP COVID-19 Action Plan (2020.04.01), # 13 Exhibit 7 to Woodman Decl. - 2020.04.08 email re FPD visitation, # 14 Exhibit 8 to Woodman Decl. - 2020.04.15 email suspending visitation, # 15 Exhibit 9 to Woodman Decl. - |

| | | |
|---|---|---|
| | | 2020.05.14 BOP email canceling scheduled visits, # 16 Exhibit 10 to Woodman Decl. - 2020.06.15 emails between BOP and Purkey Counsel, # 17 Exhibit 11 to Woodman Decl. - 2020.06.18 BOP website screenshot, # 18 Exhibit 12 to Woodman Decl. - 2020.06.19 Purkey Counsel email to BOP, # 19 Exhibit 13 to Woodman Decl. - 2020.06.23-24 emails between Purkey Counsel and BOP, # 20 Exhibit 14 to Woodman Decl. - BOP Implementing Modification Operations, # 21 Exhibit 15 to Woodman Decl. - 2020.06.23-26 emails between BOP and Purkey Counsel, # 22 Exhibit 16 to Woodman Decl. - BOP Visitor Screening Policy, # 23 Exhibit 17 to Woodman Decl. - 2020.06.29 Purkey Counsel Letter to USP Terre Haute Warden, # 24 Exhibit D: Floyd Decl., # 25 Exhibit E: Goldenson Decl., # 26 Exhibit 1 to Goldenson Decl. - Dr. Goldenson CV, # 27 Exhibit F: Vartkessian Decl., # 28 Exhibit 1 to Vartkessian Decl. - 2019.11.21 - BOP Letter with instructions, # 29 Exhibit 2 to Vartkessian Decl. - Google Map screenshot, # 30 Exhibit G: Winter Decl., # 31 Text of Proposed Order)(Fathi, David) Modified on 7/6/2020 - corrected spelling of name (RSF). (Entered: 07/02/2020) |
| 07/02/2020 | 7 | BRIEF/MEMORANDUM in Support re 6 MOTION for Preliminary Injunction , filed by Plaintiff DALE HARTKEMEYER. (Fathi, David) Modified on 7/6/2020 - corrected spelling of name (RSF). (Entered: 07/02/2020) |
| 07/03/2020 | 8 | SCHEDULING ORDER: Counsel Only Telephonic Status Conference set for 7/6/2020 at 10:00 AM (Eastern Time) before Judge Jane Magnus-Stinson. Call-in information for the telephonic status hearing will be provided by separate entry. Signed by Judge Jane Magnus-Stinson on 7/3/2020.(RSF) (Entered: 07/03/2020) |
| 07/03/2020 | 10 | MOTION for Attorney(s) Michelle Behrens to Appear pro hac vice (Filing fee $100, receipt number 0756-6061114), filed by Plaintiff DALE HARTKEMEYER. (Attachments: # 1 Text of Proposed Order)(Fathi, David) Modified on 7/6/2020 - corrected spelling of name (RSF). (Entered: 07/03/2020) |
| 07/03/2020 | 11 | MOTION for Attorney(s) Maria Calvet to Appear pro hac vice (Filing fee $100, receipt number 0756-6061115), filed by Plaintiff DALE HARTKEMEYER. (Attachments: # 1 Text of Proposed Order)(Fathi, David) Modified on 7/6/2020 - corrected spelling of name (RSF). (Entered: 07/03/2020) |
| 07/03/2020 | 12 | MOTION for Attorney(s) John T. Dey to Appear pro hac vice (Filing fee $100, receipt number 0756-6061116), filed by Plaintiff DALE HARTKEMEYER. (Attachments: # 1 Text of Proposed Order)(Fathi, David) Modified on 7/6/2020 - corrected spelling of name (RSF). (Entered: 07/03/2020) |
| 07/03/2020 | 13 | MOTION for Attorney(s) Douglas Hallward-Driemeier to Appear pro hac vice (Filing fee $100, receipt number 0756-6061118), filed by Plaintiff DALE HARTKEMEYER. (Attachments: # 1 Text of Proposed Order)(Fathi, David) Modified on 7/6/2020 - corrected spelling of name (RSF). (Entered: 07/03/2020) |
| 07/03/2020 | 14 | MOTION for Attorney(s) Cassandra Stubbs to Appear pro hac vice (Filing fee |

| | | |
|---|---|---|
| | | $100, receipt number 0756-6061127), filed by Plaintiff DALE HARTKENEYER. (Attachments: # 1 Text of Proposed MOrder)(Fathi, David) Modified on 7/6/2020 -corrected spelling of name (RSF). (Entered: 07/03/2020) |
| 07/03/2020 | 15 | MOTION for Attorney(s) Jennifer Wedekind to Appear pro hac vice (Filing fee $100, receipt number 0756-6061132), filed by Plaintiff DALE HARTKEMEYER. (Attachments: # 1 Text of Proposed Order)(Fathi, David) Modified on 7/6/2020 -corrected spelling of name (RSF). (Entered: 07/03/2020) |
| 07/03/2020 | 16 | MOTION for Attorney(s) Amy Fly to Appear pro hac vice (Filing fee $100, receipt number 0756-6061135), filed by Plaintiff DALE HARTKEMEYER. (Attachments: # 1 Text of Proposed Order)(Fathi, David) Modified on 7/6/2020 - corrected spelling of name (RSF). (Entered: 07/03/2020) |
| 07/04/2020 | 17 | ORDER - granting 10 Motion to Appear pro hac vice. Attorney Michelle Behrens for DALE HARTKEMEYER added. Signed by Judge Magnus-Stinson on 7/4/2020. (RSF) (Entered: 07/04/2020) |
| 07/04/2020 | 18 | ORDER - granting 11 Motion to Appear pro hac vice. Attorney Maria Calvet for DALE HARTKEMEYER added. Signed by Judge Jane Magnus-Stinson on 7/4/2020. (RSF) (Entered: 07/04/2020) |
| 07/04/2020 | 19 | ORDER - granting 12 Motion to Appear pro hac vice. Attorney John T. Dey for DALE HARTKEMEYER added. Signed by Judge Jane Magnus-Stinson on 7/4/2020. (RSF) (Entered: 07/04/2020) |
| 07/04/2020 | 20 | ORDER - granting 13 Motion to Appear pro hac vice. Attorney Douglas Hallward-Driemeier for DALE HARTKEMEYER added. Signed by Judge Jane Magnus-Stinson on 7/4/2020. (RSF) (Entered: 07/04/2020) |
| 07/04/2020 | 21 | ORDER - granting 14 Motion to Appear pro hac vice. Attorney Cassandra Stubbs for DALE HARTKEMEYER added. Signed by Judge Jane Magnus-Stinson on 7/4/2020. (RSF) (Entered: 07/04/2020) |
| 07/04/2020 | 22 | ORDER - granting 15 Motion to Appear pro hac vice. Attorney Jennifer Wedekind for DALE HARTKEMEYER added. Signed by Judge Jane Magnus-Stinson on 7/4/2020. (RSF) (Entered: 07/04/2020) |
| 07/04/2020 | 23 | ORDER - granting 16 Motion to Appear pro hac vice. Attorney Amy Fly for DALE HARTKEMEYER added. Signed by Judge Jane Magnus-Stinson on 7/4/2020. (RSF) (Entered: 07/04/2020) |
| 07/04/2020 | 24 | MOTION for Attorney(s) Daniel Mach to Appear pro hac vice (Filing fee $100, receipt number 0756-6061163), filed by Plaintiff DALE HARTKEMEYER. (Attachments: # 1 Text of Proposed Order)(Fathi, David) (Entered: 07/04/2020) |
| 07/04/2020 | 25 | MOTION for Attorney(s) Heather L. Weaver to Appear pro hac vice (Filing fee $100, receipt number 0756-6061165), filed by Plaintiff DALE HARTKEMEYER. (Attachments: # 1 Text of Proposed Order)(Fathi, David) (Entered: 07/04/2020) |
| 07/04/2020 | 26 | NOTICE *of Related Recent Opinion*, filed by Plaintiff DALE HARTKEMEYER (Attachments: # 1 Exhibit 7th Circuit Stay Order) (Fathi, |

| | | |
|---|---|---|
| | | David) (Entered: 07/04/2020) |
| 07/05/2020 | 27 | NOTICE *of Petition for Reconsideration of Related Recent Opinion*, filed by Plaintiff DALE HARTKEMEYER (Attachments: # 1 Petition for Reconsideration of Related Recent Opinion) (Fathi, David) (Entered: 07/05/2020) |
| 07/06/2020 | 28 | NOTICE of Appearance by Shelese M. Woods on behalf of Defendants WILLIAM P. BARR, MICHAEL CARVAJAL, T. J. WATSON. (Woods, Shelese) (Entered: 07/06/2020) |
| 07/06/2020 | 29 | ORDER - granting 24 Motion to Appear pro hac vice. Attorney Daniel Mach for DALE HARTKEMEYER added. Signed by Judge Jane Magnus-Stinson on 7/6/2020. (RSF) (Entered: 07/06/2020) |
| 07/06/2020 | 30 | ORDER - granting 25 Motion to Appear pro hac vice. Attorney Heather L. Weaver for DALE HARTKEMEYER added. Signed by Judge Jane Magnus-Stinson on 7/6/2020. (RSF) (Entered: 07/06/2020) |
| 07/06/2020 | 31 | MINUTE ORDER - Parties appeared by telephone for a status conference on July 6, 2020. Present for the plaintiff were counsel Amy Fly, Cassandra Stubbs, Daniel Mach, Heather L. Weaver, Jennifer Wedekind, John T. Dey, Maria Calvet, and Michelle Behrens. Present for the defendants was Assistant United States Attorney Shelese M. Woods.The defendants shall have until 6:00 p.m. on July 8, 2020, to respond to the plaintiff's motion for preliminary injunction. The plaintiff shall have until 6:00 p.m. on July 10, 2020, to file a reply.The defendants shall have until 6:00 p.m. on July 8, 2020, to file a motion to dismiss. The plaintiff shall have until 6:00 p.m. on July 11, 2020, to respond. The defendants shall have until 12:00 noon on July 13, 2020, to file a reply. Signed by Judge Jane Magnus-Stinson. (MRI) (Entered: 07/06/2020) |
| 07/06/2020 | 32 | MOTION *to Amend Briefing Schedule*, filed by Defendants WILLIAM P. BARR, MICHAEL CARVAJAL, T. J. WATSON. (Attachments: # 1 Text of Proposed Order)(Woods, Shelese) (Entered: 07/06/2020) |
| 07/06/2020 | 33 | RESPONSE in Opposition re 6 MOTION for Preliminary Injunction , filed by Defendants WILLIAM P. BARR, MICHAEL CARVAJAL, T. J. WATSON. (Attachments: # 1 Exhibit 1, Winter Declaration)(Woods, Shelese) (Entered: 07/06/2020) |
| 07/07/2020 | 34 | ORDER ON MOTION TO AMEND BRIEFING SCHEDULE - granting 32 Motion and amends the briefing schedule as follows: The Defendants have filed their Response to the Plaintiff's Motion for Preliminary Injunction on July 6, 2020. The Plaintiff will file his Reply In Support of Motion for Preliminary Injunction on July 8, 2020 absent further leave of Court. Signed by Judge Jane Magnus-Stinson on 7/7/2020. (RSF) (Entered: 07/07/2020) |
| 07/07/2020 | 35 | MOTION to Intervene , filed by Intervenor Plaintiffs EARLENE PETERSON, KIMMA GUREL, MONICA VEILLETTE. (Attachments: # 1 Complaint) (Kurrus, Howard) Modified on 7/7/2020 - corrected roles (RSF). (Entered: 07/07/2020) |

| 07/07/2020 | 36 | BRIEF/MEMORANDUM in Support re 35 MOTION to Intervene , filed by Intervenor Plaintiffs KIMMA GUREL, EARLENE PETERSON, MONICA VEILLETTE. (Kurrus, Howard) (Entered: 07/07/2020) |
| --- | --- | --- |
| 07/07/2020 | 37 | MOTION for Attorney(s) H. Baker Kurrus to Appear pro hac vice (Filing fee $100, receipt number 0756-6064337), filed by Intervenor Plaintiffs KIMMA GUREL, EARLENE PETERSON, MONICA VEILLETTE. (Attachments: # 1 Text of Proposed Order)(Kurrus, Howard) (Entered: 07/07/2020) |
| 07/07/2020 | 38 | NOTICE of Reassignment of Case to Magistrate Judge Doris L. Pryor. Magistrate Judge Mark J. Dinsmore is no longer assigned to this case. Please include the new case number, **2:20-cv-00336-JMS-DLP**, on all future filings in this matter. (RSF) (Entered: 07/07/2020) |
| 07/07/2020 | 39 | EXHIBIT in Support of Motion re 35 MOTION to Intervene *Text of Proposed Order*, filed by Intervenor Plaintiffs KIMMA GUREL, EARLENE PETERSON, MONICA VEILLETTE. (Kurrus, Howard) (Entered: 07/07/2020) |
| 07/07/2020 | 40 | NOTICE of Appearance by Abigail A. Clapp on behalf of Intervenor Plaintiff Father Mark OKeefe. (Clapp, Abigail) (Entered: 07/07/2020) |
| 07/07/2020 | 41 | MOTION to Intervene , filed by Intervenor Plaintiff Father Mark OKeefe. (Clapp, Abigail) (Entered: 07/07/2020) |
| 07/07/2020 | 42 | BRIEF/MEMORANDUM in Support re 41 MOTION to Intervene , filed by Intervenor Plaintiff Father Mark OKeefe. (Attachments: # 1 Exhibit A - Proposed Intervenor Complaint, # 2 Exhibit B - Declaration of Father OKeefe) (Clapp, Abigail) (Entered: 07/07/2020) |
| 07/07/2020 | 43 | ORDER - granting 37 Motion to Appear pro hac vice. Attorney H. Baker Kurrus for EARLENE PETERSON, KIMMA GUREL, MONICA VEILLETTE added. Signed by Judge Jane Magnus-Stinson on 7/7/2020. (RSF) (Entered: 07/07/2020) |
| 07/07/2020 | 44 | EXHIBIT in Support of Motion re 35 MOTION to Intervene , filed by Intervenor Plaintiffs KIMMA GUREL, EARLENE PETERSON, MONICA VEILLETTE. (Attachments: # 1 Motion for Preliminary Injunction, # 2 Memorandum in Support, # 3 Proposed Order)(Kurrus, Howard) Modified on 7/8/2020 - corrected attachment descriptions (RSF). (Entered: 07/07/2020) |
| 07/08/2020 | 45 | MOTION for Attorney(s) Michael M. Krauss to Appear pro hac vice (Filing fee $100, receipt number 0756-6065916), filed by Intervenor Plaintiff MARK OKEEFE. (Attachments: # 1 Exhibit A - Certification of Michael M. Krauss, # 2 Text of Proposed Order)(Clapp, Abigail) (Entered: 07/08/2020) |
| 07/08/2020 | 46 | MOTION for Attorney(s) Kyle R. Freeny to Appear pro hac vice (Filing fee $100, receipt number 0756-6065939), filed by Intervenor Plaintiff MARK OKEEFE. (Attachments: # 1 Exhibit A - Certification of Kyle R. Freeny, # 2 Text of Proposed Order)(Clapp, Abigail) (Entered: 07/08/2020) |
| 07/08/2020 | 47 | ORDER granting 45 Motion to Appear pro hac vice. Attorney Michael M. Krauss for MARK OKEEFE added. Copy to Atty Krauss via US Mail. Signed |

| | | |
|---|---|---|
| | | by Magistrate Judge Doris L. Pryor on 7/8/2020. (KAA) Modified on 7/8/2020 (CAG). (Entered: 07/08/2020) |
| 07/08/2020 | 48 | SCHEDULING ORDER: This matter is set for a telephone status conference on July 8, 2020 at 11:30 a.m. (Eastern). The purpose of the conference is to discuss case status. Counsel shall attend the conference by calling the designated phone number, to be provided by the Court via email generated by the Courts ECF system.. Signed by Magistrate Judge Doris L. Pryor on 7/8/2020.(CAG) (Entered: 07/08/2020) |
| 07/08/2020 | 50 | ORDER granting 46 Motion to Appear pro hac vice. Attorney Kyle R. Freeny for MARK OKEEFE added. Copy to Mr. Freeny via US Mail. Signed by Magistrate Judge Doris L. Pryor on 7/8/2020. (KAA) (Entered: 07/08/2020) |
| 07/08/2020 | 51 | RESPONSE in Opposition re 35 MOTION to Intervene , filed by Defendants WILLIAM P. BARR, MICHAEL CARVAJAL. (Attachments: # 1 Exhibit 1, Winter Decl.)(Woods, Shelese) (Entered: 07/08/2020) |
| 07/08/2020 | 52 | RESPONSE in Opposition re 41 MOTION to Intervene , filed by Defendants WILLIAM P. BARR, MICHAEL CARVAJAL. (Attachments: # 1 Exhibit 1, Winter Decl.)(Woods, Shelese) (Entered: 07/08/2020) |
| 07/08/2020 | 53 | Entry Setting Briefing Schedule for Father Mark O'Keefe - Intervenor plaintiff Father Mark O'Keefe shall have until 11:59 p.m. today, July 8, 2020, to file a motion for preliminary injunction. The defendants shall have until noon on July 9, 2020, to file a response. Fr. O'Keefe shall have until 6:00 p.m. on July 9, 2020, to file a reply. Copies mailed pursuant to distribution list. Signed by Judge Jane Magnus-Stinson on 7/8/2020.(RSF) (Entered: 07/08/2020) |
| 07/08/2020 | 54 | Order Denying Motion for Intervention Filed by Earlene Peterson, Kimma Gurel, and Monica Viellette, Granting Motion for Intervention Filed by Father Mark O'Keefe, and Directing the Opening of a New Action - The Court concludes that judicial economy favors allowing Fr. O'Keefe to intervene in this action. Accordingly, his motion for intervention, dkt. 41 , is granted. Judicial economy does not favor intervention for Ms. Peterson, Ms. Gurel, and Ms. Viellette. Accordingly, their motion for intervention, dkt. 35 , is denied. Although Ms. Peterson, Ms. Gurel, and Ms. Viellette's motion for intervention is denied, in the interests of justice, the Court directs the opening of a new action based on their proposed complaint. Accordingly, the clerk is directed to open a new civil action in the Terre Haute Division. SEE ORDER. Copy sent to party via US Mail. Signed by Judge Jane Magnus-Stinson on 7/8/2020. (JRB) Modified on 7/8/2020 - corrected typo (RSF). (Main Document 54 replaced on 7/8/2020) (RSF). (Entered: 07/08/2020) |
| 07/08/2020 | 55 | *** PLEASE DISREGARD - DUPLICATE ENTRY OF 54 *** Order - Denying Motion for Intervention Filed by Earlene Peterson, Kimma Gurel, and Monica Viellette, Granting Motion for Intervention Filed by Father Mark O'Keefe, and Directing the Opening of a New Action. On July 2, 2020, Dale Hartkemeyer filed this civil rights action challenging the defendants' scheduling of Wesley Purkey's execution for July 15, 2020. Mr. Hartkemeyer, who is Mr. Purkey's minister of record, challenges Mr. Purkey's scheduled execution under |

the Religious Freedom and Restoration Act of 1993 ("RFRA") and the Administrative Procedure Act ("the APA"). Mr. Purkey has selected Mr. Hartkemeyer as his spiritual advisor, and the Bureau of Prisons ("BOP") has approved his request. Mr. Hartkemeyer alleges that the scheduling of Mr. Purkey's execution during the nationwide spread of the 2019 novel coronavirus ("COVID-19") substantially burdens his sincere religious beliefs and was arbitrary and capricious. The Court concludes that judicial economy favors allowing Fr. O'Keefe to intervene in this action. Accordingly, his motion for intervention, dkt. 41 , is granted. Judicial economy does not favor intervention for Ms. Peterson, Ms. Gurel, and Ms. Viellette. Accordingly, their motion for intervention, dkt. 35 , is denied. Although Ms. Peterson, Ms. Gurel, and Ms. Viellette's motion for intervention is denied, in the interests of justice, the Court directs the opening of a new action based on their proposed complaint. Accordingly, the clerk is directed to open a new civil action in the Terre Haute Division. (See Order.) Signed by Judge Jane Magnus-Stinson on 7/8/2020. (RSF) Modified on 7/8/2020 - corrected typo (RSF). (Main Document 55 replaced on 7/8/2020) (RSF). (Entered: 07/08/2020)

| | | |
|---|---|---|
| 07/08/2020 | 56 | MOTION for Leave to File Excess Pages *for Reply Brief to Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction*, filed by Plaintiff DALE HARTKEMEYER. (Attachments: # 1 Text of Proposed Order)(Fathi, David) (Entered: 07/08/2020) |
| 07/08/2020 | 57 | DECLARATION of Dr. Joe Goldenson *(Supplemental)* re 6 Motion for Preliminary Injunction by DALE HARTKEMEYER. (Fathi, David) (Entered: 07/08/2020) |
| 07/08/2020 | 58 | DECLARATION of Dr. Nina H. Fefferman re 6 Motion for Preliminary Injunction by DALE HARTKEMEYER. (Attachments: # 1 Exhibit A - Fefferman CV)(Fathi, David) (Entered: 07/08/2020) |
| 07/08/2020 | 59 | DECLARATION of Ca3sandra Stubbs re 6 Motion for Preliminary Injunction by DALE HARTKEMEYER. (Attachments: # 1 Exhibit A - Emails with Opposing Counsel, # 2 Exhibit 1 to Exhibit A - Letter to Opposing Counsel) (Fathi, David) (Entered: 07/08/2020) |
| 07/08/2020 | 60 | MOTION for Preliminary Injunction , filed by Intervenor Plaintiff MARK OKEEFE. (Attachments: # 1 Exhibit O'Keefe Declaration, # 2 Exhibit : BOP Letter to Honkin, # 3 Exhibit Historical Newspaper Articles, # 4 Exhibit BOP Email to Fr. O'Keefe, # 5 Text of Proposed Order)(Clapp, Abigail) (Entered: 07/08/2020) |
| 07/08/2020 | 61 | BRIEF/MEMORANDUM in Support re 60 MOTION for Preliminary Injunction , filed by Intervenor Plaintiff MARK OKEEFE. (Clapp, Abigail) (Entered: 07/08/2020) |
| 07/08/2020 | 62 | REPLY in Support of Motion re 6 MOTION for Preliminary Injunction , filed by Plaintiff DALE HARTKEMEYER. (Fathi, David) (Entered: 07/08/2020) |
| 07/09/2020 | 63 | ORDER - granting 56 Motion for Leave to File Reply Brief in Excess of 20 Pages. Signed by Judge Jane Magnus-Stinson on 7/9/2020. (RSF) (Entered: |

| | | |
|---|---|---|
| | | 07/09/2020) |
| 07/09/2020 | 64 | SCHEDULING ORDER: Telephonic Status Conference set for 7/9/2020 at 4:00 PM (Eastern Time) before Magistrate Judge Doris L. Pryor. The purpose of the conference is to discuss case status. Counsel shall attend the conference by calling the designated phone number, to be provided by the Court via email generated by the Courts ECF system. Copies mailed pursuant to distribution list. Signed by Magistrate Judge Doris L. Pryor on 7/9/2020.(RSF) (Entered: 07/09/2020) |
| 07/09/2020 | 65 | RESPONSE in Opposition re 60 MOTION for Preliminary Injunction , filed by Defendants WILLIAM P. BARR, MICHAEL CARVAJAL, T. J. WATSON. (Attachments: # 1 Exhibit Honken email)(Woods, Shelese) (Entered: 07/09/2020) |
| 07/09/2020 | 67 | SUMMONS Returned Executed by DALE HARTKEMEYER. WILLIAM P. BARR served on 7/8/2020. (Fathi, David) (Entered: 07/09/2020) |
| 07/09/2020 | 68 | SUMMONS Returned Executed by DALE HARTKEMEYER. MICHAEL CARVAJAL served on 7/7/2020. (Fathi, David) (Entered: 07/09/2020) |
| 07/09/2020 | 69 | SUMMONS Returned Executed by DALE HARTKEMEYER. T. J. WATSON served on 7/8/2020. (Fathi, David) (Entered: 07/09/2020) |
| 07/09/2020 | 70 | SUMMONS Returned Executed by DALE HARTKEMEYER. (Fathi, David) Assistant Attorney General for Administration was served on 7/8/2020. Modified on 7/9/2020 - added service information (RSF). (Entered: 07/09/2020) |
| 07/09/2020 | 71 | SUMMONS Returned Executed by DALE HARTKEMEYER. (Fathi, David) US Attorney's office served on 7/8/2020 Modified on 7/9/2020 - added service information (RSF). (Entered: 07/09/2020) |
| 07/09/2020 | 72 | Amended SCHEDULING ORDER: The Court, sua sponte, hereby CONVERTS the July 9, 2020 telephonic status conference to a settlement conference. Counsel shall attend the conference by calling the designated telephone number, to be provided by the Court via email generated by the Courts ECF system. Signed by Magistrate Judge Doris L. Pryor on 7/9/2020. (RSF) (Entered: 07/09/2020) |
| 07/09/2020 | 73 | MINUTE ORDER for proceedings held before Magistrate Judge Doris L. Pryor: The parties appeared by telephone for a Status Conference on July 8, 2020. The parties discussed the status of the Motions to Intervene. The call was held and concluded. Signed by Magistrate Judge Doris L. Pryor. (CAG) (Entered: 07/09/2020) |
| 07/09/2020 | 76 | REPLY in Support of Motion re 60 MOTION for Preliminary Injunction , filed by Intervenor Plaintiff MARK OKEEFE. (Clapp, Abigail) (Entered: 07/09/2020) |
| 07/12/2020 | 77 | NOTICE to Court, filed by Defendants WILLIAM P. BARR, MICHAEL CARVAJAL, T. J. WATSON (Attachments: # 1 Exhibit 1, Supp. Winter |

| | | |
|---|---|---|
| | | Declaration) (Woods, Shelese) (Entered: 07/12/2020) |
| 07/12/2020 | 78 | NOTICE *of Supplemental Authority*, filed by Defendants WILLIAM P. BARR, MICHAEL CARVAJAL, T. J. WATSON, re 33 Response in Opposition to Motion. (Attachments: # 1 Exhibit 1, Peterson v. Barr decision (7th Cir.)) (Woods, Shelese) (Entered: 07/12/2020) |
| 07/12/2020 | 79 | Order Setting Deadline to File Surreply - In light of additional evidence, the defendants shall have through 12:00 noon on July 13, 2020, to file a surreply in opposition to the plaintiffs' motions for preliminary injunction. This surreply should discuss the degree to which the protocol outlined by Mr. Winter minimizes the risk of COVID-19 transmission to Mr. Hartkemeyer and Fr. O'Keefe; the issue of ventilation raised by Dr. Goldenson; the expert medical or scientific advice, if any, that informed the protocol; and any changes to the protocol following the recent confirmed COVID-19 infection of an FCC Terre Haute staff member. (See Order.) Signed by Judge Jane Magnus-Stinson on 7/12/2020.(RSF) (Entered: 07/12/2020) |
| 07/12/2020 | 80 | NOTICE *of Supplemental Record*, filed by Plaintiff DALE HARTKEMEYER (Attachments: # 1 Second Supplemental Declaration of Dr. Joe Goldenson, # 2 Supplemental Declaration of Cassandra Stubbs, # 3 Supplemental Declaration of Elizabeth Vartkessian, Ph.D.) (Fathi, David) (Entered: 07/12/2020) |
| 07/13/2020 | 81 | RESPONSE re 79 Order , filed by Defendants WILLIAM P. BARR, MICHAEL CARVAJAL, T. J. WATSON. (Woods, Shelese) (Entered: 07/13/2020) |
| 07/13/2020 | 82 | RESPONSE *to Notice of Supplemental Authority and Response to Surreply*, re 81 Response, filed by Plaintiff DALE HARTKEMEYER. (Fathi, David) (Entered: 07/13/2020) |
| 07/14/2020 | 83 | NOTICE *of Supplemental Authority*, filed by Defendants WILLIAM P. BARR, MICHAEL CARVAJAL, T. J. WATSON, re 65 Response in Opposition to Motion. (Attachments: # 1 Exhibit 1, Supreme Court decision in 20A8) (Woods, Shelese) (Entered: 07/14/2020) |
| 07/14/2020 | 84 | Order Denying Motion for Preliminary Injunction - Plaintiff Dale Hartkemeyer filed this civil rights action challenging the defendants' scheduling of Wesley Purkey's execution for July 15, 2020 during the COVID-19 pandemic. Mr. Hartkemeyer, who is Mr. Purkey's minister of record, alleges that the scheduled execution violates the Religious Freedom and Restoration Act of 1993 ("RFRA") and the Administrative Procedure Act ("the APA") as it places him at serious personal risk due to potential exposure to the coronavirus. Intervenor-plaintiff Father Mark O'Keefe challenges the defendants' scheduling of Dustin Lee Honken's execution for July 17, 2020. Mr. Hartkemeyer's motion for preliminary injunction, dkt. 6 , and Fr. O'Keefe's motion for preliminary injunction, dkt. 60 , are denied. (See Order.)Signed by Judge Jane Magnus-Stinson on 7/14/2020. (RSF) (Entered: 07/14/2020) |
| 07/14/2020 | 85 | NOTICE OF APPEAL as to 84 Order on Motion for Preliminary Injunction, filed by Plaintiff DALE HARTKEMEYER, Intervenor Plaintiff MARK |

| | | OKEEFE. (Filing fee $505, receipt number 0756-6075326) (Attachments: # 1 Docketing Statement)(Fathi, David) (Entered: 07/14/2020) |

**Case #: 2:20-cv-00336-JMS-DLP**