## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

|  |  |  |
|---|---|---|
| DALE HARTKEMEYER (AKA SEIGEN) | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2:20-cv-00336-JMS-DLP |
| WILLIAM P. BARR, in his official capacity as the Attorney General of the United States; MICHAEL CARVAJAL, in his official capacity as the Director of the Federal Bureau of Prisons; and T.J. WATSON, in his official capacity as Complex Warden for Terre Haute Federal Correctional Complex, | ) ) ) ) ) ) ) ) ) | WESLEY PURKEY EXECUTION SCHEDULED FOR **JULY 15, 2020** |
| Defendants. | ) ) | |
| FATHER MARK O'KEEFE, | ) ) ) | DUSTIN HONKEN EXECUTION SCHEDULED FOR **JULY 17, 2020** |
| Intervenor Plaintiff. | ) ) | |

**PLAINTIFFS' MOTION FOR STAY OF THE JULY 15, 2020, EXECUTION OF WESLEY PURKEY AND JULY 17, 2020, EXECUTION OF DUSTIN HONKEN PENDING PLAINTIFFS' APPEAL**

Pursuant to Appellate Rule of Procedure 8(a)(1), Plaintiffs Rev. Seigen Hartkemeyer and Fr. Mark O'Keefe, by and through their respective undersigned counsel, respectfully move for a stay of the executions of Wesley Purkey, scheduled for July 15, 2020, and Dustin Honken, scheduled for July 17, 2020, pending Plaintiffs' appeal of this Court's order denying the grant of injunctive relief. *See* [Filing No. 84].

In support of their Motion, Plaintiffs incorporate Rev. Hartkemeyer's prior filings in this Court, including his Complaint [Filing No. 1], Motion and Declarations in Support of Preliminary Injunction [Filing Nos. 6 – 6-31], Memorandum in Support [Filing No. 7], Supplemental Declarations, [Filing Nos. 57-59], Reply [Filing No. 62], Notice of Supplemental Record [Filing No. 80] and Response [Filing No. 82].  Plaintiffs also incorporate Intervenor Father O'Keefe's prior filings in this Court, including his Motion to Intervene [Filing No. 41], Motion and Memorandum in Support of Preliminary Injunction and supporting declarations and exhibits [Filing No. 60-61], and Reply [Filing No. 76].

## STANDARD OF REVIEW

This Court must consider four factors in evaluating whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Nken v. Holder,* 556 U.S. 418, 426 (2009); *Purkey v. United States*, 2020 WL 3603779, at *11 (7th Cir. 2020) (quoting *Nken*).  "The grant of a stay entails equitable as well as legal considerations."  *Lee v. Watson*, 2019 WL 6718924, at *2 (7th Cir. 2019); *see also Hill v. McDonough*, 547 U.S. 573, 584 (2006).

## ARGUMENT

### I.    Plaintiffs Are Likely To Succeed On The Merits Of Their Claim On Appeal

Plaintiffs are likely to succeed on appeal on their claim that the Government's scheduling of the executions of Mr. Purkey and Mr. Honken during the COVID-19 pandemic imposes a substantial burden on their religious exercise in violation of Religious Freedom Restoration Act ("RFRA").  [Filing No. 1 at 19-22; Filing No. 7 at 25-33.]  Although this Court has ruled against

Plaintiffs on their motion for preliminary injunction, Plaintiffs respectfully contend that these factors nonetheless favor granting the requested stay while the case is pending on appeal. As explained in detail in Plaintiffs' motion papers, the conducting of an execution during an ongoing pandemic can and does impose "substantial pressure" on Plaintiffs to choose between their fundamental religious practice as priests and their health and lives. *See Korte v. Sebelius*, 735 F.3d 654, 682 (7th Cir. 2013). This Court failed to address the case law cited by Plaintiffs that such pressure, in and of itself, readily amounts to a substantial burden under RFRA.

## II.  Plaintiffs Will Be Irreparably Injured Absent A Stay

Plaintiffs also easily satisfy the irreparable injury prong. *See* [Filing No. 7 at 32]. The loss of First Amendment rights "for even minimal periods of time, unquestionably constitutes irreparable injury." *ACLU of Illinois v. Alvarez*, 679 F.3d 583, 589 (7th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)). After an eleven-year spiritual relationship, Rev. Hartkemeyer has only one opportunity to guide Mr. Purkey to the afterlife. With the execution set to take place tomorrow, he must continue to weigh the wrenching choice of whether to abandon his religious duties to Mr. Purkey or to risk his own life by attending the execution under unsafe conditions, in light of his age and lung-related illnesses. At age 64, Father O'Keefe is also at an increased risk for severe illness from COVID-19, as are several of the nuns to whom he ministers daily. Without a stay, the only way Father O'Keefe could avoid this risk to himself and those close to him would be to shirk his solemn religious duties as a Catholic priest to administer the sacraments and perform Last Rites, which his conscience tells him he cannot do. Father O'Keefe endures irreparable injury as long as he is forced to make this choice in the midst of a global pandemic.

### III.    A Brief Stay Pending Appeal Will Not Injure Other Parties

Additionally, postponing the executions during the pendency of the appeal presents only minimal injury to Defendants.  *See Purkey v. United States*, No. 19-3318, 2020 WL 3603779, at *11 (7th Cir. July 2, 2020) ("A brief stay to permit the orderly conclusion of the proceedings in this court will not substantially harm the government, which has waited at least seven years to move forward on Purkey's case.").  While temporarily postponing the executions will force the Government to make alternative logistical arrangements for carrying out the executions later, this inconvenience does not amount to substantial injury, particularly given that the Government "has waited at least seven years to move forward on Purkey's case."  *Purkey v. United States*, No. 19-3318, 2020 WL 3603779, at *11 (7th Cir. July 2, 2020).  Indeed, the Government did not proceed with *any* federal executions during that time.  "[T]hat the government has not—until now—sought to" schedule the executions "undermines any urgency surrounding" its need to do so on July 15, 2020.  *Osorio-Martinez v. Att'y Gen. of the U.S.*, 893 F.3d 153, 179 (3d Cir. 2018).  Additionally, rescheduling the execution will not only benefit Rev. Hartkemeyer and Father O'Keefe, but all medically vulnerable individuals who anticipate participating in or witnessing Mr. Purkey's and Mr. Honken's executions, including United States Marshals, Department of Justice and Bureau of Prisons employees, the victims' family members, members of the media, and Mr. Purkey's and Mr. Honken's loved ones and counsel.  *See generally* [Filing No. 57; Filing No. 80-3].

### IV.    The Public Interest Weighs Toward A Stay

Finally, the public interest is overwhelming served by granting a brief stay pending appeal.  *See* [Filing No. 7 at 33-34].  The execution is a potential super-spreader event that threatens the health of staff and witnesses in attendance of the execution as well as community members from across the country in places where individuals will travel from and return to after attending Mr.

Purkey's and Mr. Honken's executions. *See* [Filing No. 1 at 13]. As the Court notes in its opinion, at least one person involved in the execution has already tested positive for COVID-19. [Filing 84 at 2]. By granting a stay, the Court would ensure that such a reckless plan at least has the benefit of careful consideration by the courts before it is carried out. Second, a stay would also advance the religious freedom interests of both Plaintiffs and the prisoners scheduled for execution. As the Seventh Circuit has routinely acknowledged, protecting religious freedoms is "always in the public interest." *Christian Legal Soc'y v.Walker,* 453 F.3d 853, 859 (7th Cir. 2006). Given the gravity of the interests involved, both in relation to public health and religious freedom, the public interest is well-served by staying the executions for a short time until this matter reaches a resolution. *See Purkey*, 2020 WL 3603779 at *11 (finding public interest served by granting stay of execution pending appeal and observing that "[j]ust because the death penalty is involved is no reason to take shortcuts—indeed, it is a reason not to do so.").

WHEREFORE, Plaintiffs, by and through undersigned counsel, respectfully request that this Court grant the motion for a stay of execution pending appeal.

Dated: July 14, 2020

Respectfully submitted,

/s/      *David C. Fathi*

David C. Fathi\*\*
Daniel Mach
Heather L. Weaver
Jennifer Wedekind
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 548-6603

Abigail A. Clapp (Ind. Atty. No. 25444-45)
Greenberg Traurig, LLP
77 W. Wacker Dr., Ste. 3100
Chicago, IL 60601
Tel:  (312) 508-4600
Fax  (312) 899-0393
ClappA@gtlaw.com

Edward C. Wallace*
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Tel:  (212) 801-9200
WallaceE@gtlaw.com

Michael M. Krauss (*pro hac vice*)
Greenberg Traurig, LLP
90 South Seventh Street, Suite 3500
Minneapolis, MN 55402
Tel:  (612) 259-9700
KraussM@gtlaw.com

Kyle R. Freeny (*pro hac vice*)
Greenberg Traurig, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Tel:  (202) 331-3100
FreenyK@gtlaw.com

*\*pro hac vice* motion forthcoming

*Counsel for Plaintiff Intervenor Father Mark O'Keefe, OSB*

dfathi@aclu.org
dmach@aclu.org
hweaver@aclu.org
jwedekind@aclu.org

Cassandra Stubbs
Amy Fly
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION
201 W. Main St., Suite 402
Durham, NC 27701
(919) 688-4605
cstubbs@aclu.org
afly@aclu.org

Douglas Hallward-Driemeier
Maria G. Calvet
Michelle H. Behrens
John T. Dey
ROPES & GRAY LLP
2099 Pennsylvania Avenue NW
Washington D.C. 20006
Tel:  (202) 508-4600
Douglas.Hallward-
  Driemeier@ropesgray.com
Maria.Calvet@ropesgray.com
Michelle.Behrens@ropesgray.com
John.Dey@ropesgray.com

**Not admitted in D.C.; practice limited to federal courts

*Counsel for Plaintiff Dale Hartkemeyer (aka Seigen)*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 14th day of July, 2020, I caused the foregoing to be

filed electronically with the Clerk of the Court via CM/ECF, with all authorized parties being

served electronically via CM/ECF.

/s/ *David C. Fathi*_____
David C. Fathi
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 548-6603
dfathi@aclu.org